**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   ANNAMARIE PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-18-236-F |
| | ) | |
| 1.   AMERICAN FARMERS & | ) | |
| RANCHERS MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Annamarie Patton, and for her Complaint against the Defendant alleges and states as follows:

## PARTIES

1. Plaintiff, Annamarie Patton, is an adult female resident of Cleveland County, Oklahoma.

2. Defendant American Farmers & Ranchers Mutual Insurance Company is an entity doing business in and around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: (a) gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, (b) age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); (c) retaliation under 42 U.S.C. §2000e-3(a) for the adverse actions taken against Plaintiff because of Plaintiff's opposition to the Defendant's unlawful gender-based conduct and Plaintiff for participating in proceedings concerning gender-based discrimination; and (d) retaliation under 29 U.S.C. §623(d) for the adverse actions taken against Plaintiff because of Plaintiff's opposition to the

Defendant's unlawful age-based conduct and Plaintiff for participating in proceedings concerning age-based discrimination

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 24, 2017. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated on or about March 1, 2018, which Plaintiff received by mail thereafter, and has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

6. Defendant is located in Oklahoma County, and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

7. Plaintiff was born in 1961, making her over age of forty (40) at all relevant times hereto.

8. Plaintiff began her employment with Defendant on or about October 29, 1979. She was hired as an Endorsement Clerk, but was steadily promoted over the years and ultimately held the title of Underwriting Manager.

9. Throughout her lengthy tenure (more than 37 years), Plaintiff's job performance was at least satisfactory, if not excellent.

10. In addition to receiving multiple promotions, Plaintiff consistently received positive performance reviews. At no time was she written up or otherwise disciplined.

11. Despite her good work performance, during the last three (3) years of her employment, Plaintiff was discriminated against due to her gender and age.

12. Particularly, in or around June 2014, the Director of Underwriting position (the position which Plaintiff directly reported to) became vacant.

13. Plaintiff was appointed Interim Director by CEO Brian Baxter. Plaintiff was told at that time she would receive a bonus for such work, but no other additional pay for the additional duties.

14. In or around January 2015, Richard Herrin became CEO. After having performed the position for about six (6) months without additional compensation or benefits of the Director position, Plaintiff asked Herrin if she could have a raise for performing both the Underwriting Manager and Interim Director of Underwriting positions. Herrin denied Plaintiff's request.

15. As such, a few months later, Plaintiff told HR Director Rick Baranek she was stepping down from the Interim Director of Underwriting position.

16. In or around June 2015, Herrin increased Plaintiff's pay (still for the Interim role) by $10,000 per year with $1,000 quarterly bonuses, but declined to extend any director benefits to Plaintiff (such as increased 401k and expedited vesting options).

17. At that time, Plaintiff told Herrin she was interested in being promoted to the Director position on a permanent basis. Herrin told Plaintiff that Defendant was not ready to fill the position, but when the position was posted Plaintiff could apply (though she had been performing the role for 12 months).

18. In or around August 2015, Herrin told Plaintiff he found someone else for the Director of Underwriting position, Michael Putthoff (a male in his early 30s).

19. The position was not posted for Plaintiff to apply. Herrin told Plaintiff that

Putthoff was young, single, and had no underwriting experience or supervisory skills, but knew about technology.

20. Herrin then directed Plaintiff to train Putthoff on underwriting and management. As a result of Putthoff's hire, Plaintiff's interim compensation was rescinded. And, Putthoff became Plaintiff's immediate supervisor.

21. In or around the Fall 2016, Plaintiff was told by HR Director Baranek that she had been listed on a witness deposition list in a gender and age discrimination lawsuit filed against Defendant.

22. Plaintiff told Baranek that Defendant did not want her to give a deposition in the case because it would not be favorable to Defendant. Plaintiff further told Baranek about Herrin's comments that Putthoff was young, single and had no experience, and her concerns that she was not offered the position in favor of Putthoff.

23. In or around November 2016, Justin Cowan was named CEO of Defendant. Cowan had been serving as a Board Member of Defendant for several years prior to his hire as CEO.

24. On or about May 12, 2017, Cowan asked Plaintiff whether she or Property Underwriting Supervisor Misty Gilpen knew how to process property endorsements. Plaintiff stated she did not, but believed Gilpen could process less complex types of property endorsements. Cowan then asked if Putthoff knew how to process property endorsements, and Plaintiff stated he did not.

25. Cowan then became very hostile toward Plaintiff and asked her to bring him an employee who knew how to process endorsements. Later that same day (on or about May 12, 2017), Cowan showed Plaintiff an endorsement Defendant received the prior month that had not yet been processed. Cowan told Plaintiff and Gilpen, in the presence of the

underwriting staff, that Plaintiff was no longer "in charge" and that Michelle Brown (who is significantly younger than Plaintiff) was "in charge." He further stated that he expected Plaintiff, Gilpen and Putthoff to learn how to process an endorsement immediately.

26. On or about May 30, 2017, after more than 37 years of employment, Plaintiff was notified of her termination by Baranek and Putthoff. Upon information and belief, CEO Cowan participated in Plaintiff's termination decision.

27. Baranek stated the alleged reason for termination was a restructuring of the organization. However, such reason was merely pretext for unlawful discrimination based on Plaintiff's age, gender, and in retaliation for her participation in and opposition to an age and gender discrimination claim and investigation.

28. Plaintiff and Gilpen (a 30 year female employee who is 49 years old) were the only individuals who were terminated as a result of the alleged restructure. And, upon information and belief, after Plaintiff was terminated, Plaintiff's job duties were performed by a significantly-younger male.

29. After Plaintiff's termination, Putthoff was moved to a different position within the company, but not fired.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I: Title VII

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

31. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination and retaliation.

32. Plaintiff is entitled to relief under Title VII for gender discrimination because

she is a member of a protected class, was qualified for her job, was discharged and her job was not eliminated after her termination.

33. Plaintiff is further entitled to relief under Title VII for retaliation because Plaintiff engaged in protected opposition to gender discrimination and participated in proceedings concerning gender-based discrimination; she suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and adverse actions.

34. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

35. Because the actions of Defendants were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II: ADEA

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36. The matters alleged above constitute violations of the ADEA in the form of age discrimination and retaliation.

37. Plaintiff is entitled to relief under the ADEA because she was over the age of forty (40), was qualified for her job, was discharged and her job was not eliminated after her termination.

38. Plaintiff is also entitled to relief under the ADEA for retaliation because Plaintiff engaged in protected opposition to age discrimination and participated in proceedings concerning age-based discrimination; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

39.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct.

### COUNT III:  Title VII Retaliation

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

40.     The matters alleged above constitute a violation of 42 U.S.C. 2000e-3(a) for retaliating against Plaintiff for her opposition to Defendant's unlawful gender-based employment practices and retaliating against Plaintiff for participating in proceedings concerning gender-based discrimination

41.      As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

42.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT IV: ADEA Retaliation

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

43.     The matters alleged above constitute a violation of 29 U.S.C. §623(c) for retaliating against Plaintiff for her opposition to Defendant's unlawful age-based employment practices and retaliating against Plaintiff for participating in proceedings concerning age-based discrimination

44.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is

also entitled to liquidated damages based upon Defendant's willful conduct.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, back pay, front pay, liquidated damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 16th day of March, 2018.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA #17844**
**LAUREN W. JOHNSTON, OBA #22341**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**
